This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

  **vs.**                                                          **No. 34,686**

**JOSEPH BERSANE,**

      **Defendant-Appellant**

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Kea W. Riggs, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}    Defendant appeals from the district court's judgment and sentence, convicting him following a bench trial on one count of trafficking controlled substances

(possession with intent to distribute), contrary to NMSA 1978, Section 30-31-20 (2006). This Court issued a calendar notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}     Defendant raised two issues on appeal: (1) that the district court erred in not requiring disclosure of the confidential informant; and (2) that the district court erred in denying his motion to dismiss for violation of his speedy trial rights. [DS 5] In our calendar notice, we proposed to hold that the district court did not abuse its discretion in not requiring disclosure of the confidential informant's identity. [CN 4, 6] We then undertook an examination of the four speedy trial factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972). [*See generally* CN 7-12] Ultimately, we proposed to hold that the length of delay in this case weighs at most moderately in Defendant's favor, and the reasons for delay and the assertion of speedy trial rights weigh slightly in Defendant's favor. [CN 12-13] We went on to suggest that under these circumstances—where there has been no demonstration of actual prejudice by Defendant—we were not convinced that Defendant's constitutional right to speedy trial was violated. [CN 12-13] *See State v. Garza*, 2009-NMSC-038, ¶ 40, 146 N.M. 499, 212 P.3d 387 (holding that because the defendant failed to show prejudice, and the other factors did not weigh heavily in the defendant's favor, the Court could not

conclude that the defendant's right to a speedy trial was violated).

**{3}** Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). In fact, Defendant makes no mention whatsoever of this Court's proposed disposition in his memorandum in opposition; instead, he simply recites the facts that had already been placed before this Court in his docketing statement and presents us with a watered-down version of the same arguments he made before the district court and in his docketing statement. [*See generally* MIO 3-8]

**{4}** We conclude that Defendant has not met his burden on appeal. Accordingly, for the reasons stated above, as well as those provided in our calendar notice, we affirm.

**{5}** **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____

**M. MONICA ZAMORA, Judge**